DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter is before the court on Defendant's motion that the case be dismissed. A Motion for Summary Judgment (motion) was filed on May 8, 2008. The court heard oral arguments on the matter September 10, 2008, in Salem, Oregon.
 I. STATEMENT OF FACTS
The subject property is bare land identified as Account 168145. Plaintiff's Complaint was filed December 31, 2007, and seeks review of the property's assessment for the tax year 2006-07.
Plaintiff sold the subject property to the Hollman Company ("Hollman") in 2005. There was no earlier appeal to the Deschutes County Board of Property Tax Appeals (BOPTA).
On the assessment date of January 1, 2006, Plaintiff did not own the property. The third party (Hollman) did not exercise its right to a BOPTA appeal for that period. There is no evidence that the entity had substantive reasons for not appealing prior to December 31, 2006. On July 30, 2007, Hollman recorded a bargain and sale deed conveying the subject property back to Plaintiff.
Defendant now claims the court should dismiss the case because Plaintiff failed to pursue its remedy with BOPTA. *Page 2 
 II. ANALYSIS
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added). *Page 3 
The right of a BOPTA appeal for tax year 2006-07 belonged to Hollman. It did not exercise that right. Plaintiff, as the successor in interest, cannot gain any more appeal rights by its subsequent acquisition of the land. There is no evidence in the record as to why Hollman did not appeal. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for the 2006-07 tax year.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error on certain classes of property. ORS 305.288(1)(a) sets forth when the court shall order a correction under this approach. The statute, in part, states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home."
The parties agree the subject property does not meet any of the property classes defined in ORS 305.288(1)(a). The exception for a gross error is inapplicable to this situation.
 III. CONCLUSION
The court concludes that Plaintiff does not meet the exceptions provided by ORS 305.288 for failing to submit an earlier appeal. The court finds, therefore, that Defendant's motion for summary judgment should be granted. Now, therefore, *Page 4 
IT IS THE DECISION OF THE COURT that the above-entitled matter for the 2006-07 tax year be dismissed.
Dated this ___ day of October 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR. Your complaint must be submitted within 60 days afterthe date of the decision or this decision becomes final and cannot bechanged.
 This document was signed by Magistrate Jeffrey S. Mattson on October10, 2008. The Court filed and entered this document on October 10,2008.
[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2005. *Page 1